**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilary K. Cox,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | CIV 09-8177-PCT-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Hilary K. Cox's Motion for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 29). After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act on April 6, 2004. (Transcript of Administrative Record ("Tr.") at 101-03.) She alleged disability since July 30, 2002, (Tr. at 101, 622), due to migraine headaches, fibromyalgia, chronic fatigue, depression, anxiety, residual pain from back surgery to correct scoliosis, (Tr. at 112-21, 162-69), and numbness in her hands and fingers (Tr. at 176). Her application was denied initially and on reconsideration. (Tr. at 60-61, 80-82, 84-88.) On February 11, 2005, she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 79.) A hearing was held on February 13, 2007, (Tr. at 542-83), followed by a supplemental hearing on February 20, 2007 (Tr. at 584-617). On March 22, 2007, an ALJ issued a decision in which he found that Plaintiff was not disabled. (Tr. at 62-76.) Plaintiff requested review of the ALJ's decision. (Tr. at 89.) The Appeals Council granted Plaintiff's

1 | request and remanded the ALJ's decision for further administrative proceedings. (Tr. at 97-
2 | 100.) Specifically, the Appeals Council ordered that the ALJ give further consideration to
3 | Plaintiff's residual functional capacity during the period at issue and obtain supplemental
4 | evidence from a vocational expert to clarify the effect of her limitations on her occupational
5 | base. (Tr. at 97-100.)

On September 12, 2008, another hearing was held at which Plaintiff, her attorney, and a vocational expert were present. (Tr. at 618-60.) On December 18, 2008, an ALJ issued a decision in which he found that Plaintiff was not disabled. (Tr. at 20-32.) Plaintiff requested review of the ALJ's decision. (Tr. at 18.) The Appeals Council denied Plaintiff's request, (Tr. at 9-12), thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). The Court, after reviewing the administrative record and the arguments of the parties, reversed the decision of the ALJ and remanded for a determination of benefits. (Doc. 27.)

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's position was "substantially justified." The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal from the ALJ's denial of benefits was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" Shafer, 518 F.3d at 1071 (quoting Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where ... the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors

committed by the ALJ was substantially justified." Id. (emphasis in original) (citations omitted).

The Court concludes that Defendant's decision to defend the ALJ's determination was not substantially justified. The ALJ committed fundamental procedural errors by improperly rejecting the opinion of the agency's examining physician, Nathan Magaret, M.D., and rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons for doing so. Specifically, in remanding for a determination of benefits, the Court found that the ALJ "ignored and effectively rejected" Dr. Magaret's conclusion regarding the debilitating effects of Plaintiff's migraine condition, as well as, the effects of the medication used for treatment without providing any reasons for doing so. (Doc. 27 at 8.) The Court also found, "[a]s the ALJ did in his evaluation of the objective medical evidence, he again misses the mark in evaluating Plaintiff's credibility and, thus, fails to support his decision to discredit Plaintiff's allegations with specific, clear and convincing reasons." (Doc. 27 at 11.) The Court concluded,

> In summary, the ALJ failed to provide a sufficient basis to reject Dr. Magaret's conclusion regarding the debilitating effects of Plaintiff's migraine condition as well as the effects of the medication used for treatment, or find that Plaintiff's allegations were not entirely credible. Accordingly, the ALJ has failed to support his decision to reject Dr. Magaret's opinion and discredit Plaintiff's allegations with specific, clear and convincing reasons and, therefore, the Court finds error and will vacate the ALJ's decision.

(Doc. 27 at 11.) In light of the Court finding the ALJ's actions to be erroneous, "[i]t follows a *fortiori* the government's defense of the ALJ's procedural errors was not substantially justified ... ." Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008).

The EAJA provides for an upward adjustment of the $125 per hour rate contained in the statute, based on cost-of-living increases. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005). Defendant does not dispute Plaintiff's calculation of EAJA fees totaling $5,572.85, considering the cost-of-living adjustment for 31.9 hours of service.

Plaintiff, however, requests a fee enhancement, contending that "work on this case was completed in a timely and efficient manner, requiring substantially less time than

required by less experienced practitioners in Social Security cases;" "Plaintiff's attorney brought considerable experience to bear in efforts to advance Plaintiff's case;" and "Plaintiff's counsel faced daunting odds." The EAJA allows upward adjustments of the hourly rate for special factors, including "the limited availability of qualified attorneys for the proceedings involved ... ." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has established a test to determine whether enhanced hourly rates may be awarded based on this special factor. "Enhanced hourly rates based on the special factor of the limited availability of qualified attorneys for the proceedings involved may be awarded under EAJA where the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009) (internal citations omitted).

The Court finds that Plaintiff has failed to meet his burden of establishing entitlement to higher fees. Plaintiff cites Pirus v. Bowen, 869 F.2d 536 (9th Cir. 1989), as an instance where the Ninth Circuit awarded enhanced EAJA fees. Pirus, however, is distinguishable. Pirus involved a class action challenging provisions of the Social Security Act, whereas the present case is a routine social security disability case. Other Courts of Appeals have held that routine disability law is not a specialized area warranting an enhanced rate. See, e.g., Raines v. Shalala, 44 F.3d 1355, 1361 (7th Cir. 1995) (holding "that the area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, payment in excess of the [statutory] rate"); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994) (reversing enhancement for an attorney's expertise in a "straightforward social security disability case that did not involve particularly difficult or complex issues"); Harris v. Railroad Ret. Bd., 990 F.2d 519, 521 (10th Cir. 1990) (holding that "a Social Security specialist does not solely by virtue of that expertise fall under the 'special factor' exception"). Furthermore, the Supreme Court has specifically rejected "work and ability of counsel" and "the results obtained" as reasons for fee enhancement, noting that "they are little more than routine reasons why market rates are what they are." Pierce v. Underwood, 487 U.S. 552, 573 (1988); see Natural Res. Def. Council Inc. v. Winter, 543 F.3d 1152, 1160

("'Producing high-quality work on a short deadline hardly satisfies th[e] standard' in *Pierce* of 'work requiring specialized skills or knowledge beyond what lawyers use on a regular basis.'") (citing <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962 (D.C. Cir. 2004)). Thus, Plaintiff has not met his burden of showing that his attorney's distinctive knowledge and specialized skill were needful to the litigation and, accordingly, a fee enhancement on this basis is not warranted.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees (Doc. 29) is **GRANTED**; Plaintiff is awarded $5,572.85 pursuant to the EAJA.

DATED this 6th day of January, 2012.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge