**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilary K. Cox, | CIV 09-8177-PCT-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Hilary K. Cox's Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc. 43). Defendant has not responded to Plaintiff's Motion.

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act on April 6, 2004. (Transcript of Administrative Record ("Tr.") at 101-03.) She alleged disability since July 30, 2002, (Tr. at 101, 622), due to migraine headaches, fibromyalgia, chronic fatigue, depression, anxiety, residual pain from back surgery to correct scoliosis, (Tr. at 112-21, 162-69), and numbness in her hands and fingers (Tr. at 176). Her application was denied initially and on reconsideration. (Tr. at 60-61, 80-82, 84-88.) On February 11, 2005, she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 79.) A hearing was held on February 13, 2007, (Tr. at 542-83), followed by a supplemental hearing on February 20, 2007 (Tr. at 584-617). On March 22, 2007, an ALJ issued a decision in which he found that Plaintiff was not disabled. (Tr. at 62-76.) Plaintiff requested review of the ALJ's decision. (Tr. at 89.) The Appeals Council granted Plaintiff's

1   request and remanded the ALJ's decision for further administrative proceedings.  (Tr. at 97-
2   100.)  Specifically, the Appeals Council ordered that the ALJ give further consideration to
3   Plaintiff's residual functional capacity during the period at issue and obtain supplemental
4   evidence from a vocational expert to clarify the effect of her limitations on her occupational
5   base.  (Tr. at 97-100.)

6        On September 12, 2008, another hearing was held at which Plaintiff, her attorney, and
7   a vocational expert were present.  (Tr. at 618-60.)  On December 18, 2008, an ALJ issued a
8   decision in which he found that Plaintiff was not disabled.  (Tr. at 20-32.)  Plaintiff requested
9   review of the ALJ's decision.  (Tr. at 18.)  The Appeals Council denied Plaintiff's request,
10  (Tr. at 9-12), thereby rendering the ALJ's decision the final decision of the Commissioner.
11  Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).  The
12  Court, after reviewing the administrative record and the arguments of the parties, reversed
13  the decision of the ALJ and remanded for a determination of benefits.  (Doc. 27.)

14       On June 16, 2011, Plaintiff sought $8,762.85 in attorney's fees under the Equal
15  Access to Justice Act (EAJA) (Doc. 29).  The Court awarded $5,572.85 in fees (Doc. 41).
16  Plaintiff now seeks an award of $7,210.75 under 42 U.S.C. § 406(b) (Doc. 43).

17       Plaintiff retained counsel under a contingency fee agreement providing for payment
18  to counsel of 25 percent of the past due benefits awarded to Plaintiff.  Under 42 U.S.C. §
19  406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant ... who was
20  represented before the court by an attorney, the court may determine and allow as part of its
21  judgment a reasonable fee for such representation, not in excess of 25 percent of the total of
22  the past-due benefits[.]"  Although Section 406(b) "does not displace contingent-fee
23  agreements" that fall within the 25 percent statutory maximum, the Court does "review for
24  reasonableness fees yielded by those agreements."  Gisbrecht v. Barnhart, 535 U.S. 789, 808
25  (2002).  In determining whether the fee sought is "reasonable for the services rendered[,]"
26  id. at 807, the Court may consider the character of the representation, the results achieved,
27  performance, delay, and whether the benefits were proportionate to the time spent on the
28  case.  See Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009).  A reduction in fees may

1  be warranted if the "benefits are large in comparison to the amount of time counsel spent on

2  the case[,]" or the attorney "is responsible for delay ... so that the attorney will not profit from

3  the accumulation of benefits during the pendency of the case in court." Gisbrecht, 535 U.S.

4  at 808.

5         Here, Plaintiff's counsel requests a § 406(b) award in the amount of $7,210.75.

6  Counsel performed 31.9 hours of work, which results in an hourly rate of $257.94. This rate

7  is not presumptively unreasonable; indeed, courts have found much higher hourly rates to be

8  reasonable. See, e.g., Grunseich v. Barnhart, 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006)

9  (awarding $600 hourly rate). In light of the contingency fee agreement, and accounting for

10 the risk inherent in contingency fee arrangements, the proportionality of the award, and

11 counsel's successful representation of Plaintiff, the Court finds the amount sought is

12 reasonable. The Court will award Plaintiff $7,210.75 under § 406(b), which will be offset

13 by the previously awarded EAJA fee. See Gisbrecht, 535 U.S. at 796 (noting that although

14 Congress permits fee awards under both the EAJA and § 406(b), "the claimant's attorney

15 must refund to the claimant the amount of the smaller fee").

16        **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Award of Attorney's

17 Fees pursuant to 42 U.S.C. § 406(b) (Doc. 43) is **GRANTED** in the amount of $7,210.75.

18 Counsel shall refund the previously awarded EAJA fee of $5,572.85 to Plaintiff.

19        DATED this 16th day of August, 2013.

20

21

22                          Michelle H. Burns
                            United States Magistrate Judge

23

24

25

26

27

28